JUDGE SULLIVAN    15 CV 00982

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL KRUPINSKI,

        Plaintiff,

-against-

LABORERS EASTERN REGION
ORGANIZING FUND,

        Defendant.

---

No.

RECEIVED
FEB 10 2015
D.C. S.D. N.Y.
CASHIERS

COMPLAINT

Plaintiff Demands a
Trial by Jury.

Plaintiff Daniel Krupinski ("Mr. Krupinski" or "Plaintiff"), by and through his attorneys Levine & Blit, PLLC, complaining of defendant Laborers Eastern Region Organizing Fund. ("LEROF" or "Defendant"), hereby alleges:

## NATURE OF THE ACTION

1. This action is brought to remedy unpaid overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), and in violation of the New York Labor Law ("Labor Law"), and violations of section 195(1) of the Wage Theft Prevention Act ("WTPA").

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including lost overtime wages; an award of liquidated damages under the FLSA and Labor Law; statutory damages under the WTPA; Plaintiff's reasonable attorney's fees; prejudgment interest on the unpaid wages pursuant to the Labor Law; costs of this

1

action; and any such other and further relief that this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Mr. Krupinski is a resident of Queens County in the State of New York who began working for LEROF as an employee in or about June 2010.

6. LEROF, which is part of the Laborers' International Union of North America (LIUNA) and represent 300,000 construction workers in the U.S. and Canada, is duly organized and existing labor union in the State of New Jersey, with its principal place of business located in the State of New Jersey.

7. At all times relevant to this action, LEROF was an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

8. LEROF has: (1) employees engaged in commerce or engaged in the production of goods for commerce, and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

2

(2) an annual gross volume of revenue in excess of five hundred thousand dollars ($500,000.00).

9. At all times relevant to this action, Plaintiff was an individual affecting interstate commerce by and through his work performed on behalf of LEROF through his handling and transfer of goods in interstate commerce.

10. At all times relevant to this action, Plaintiff was an "employee" of LEROF within the meaning of applicable federal and state statutes and regulations.

11. At all times relevant to this action, LEROF was an "employer" within the meaning of applicable federal and state statutes and regulations.

## FACTUAL ALLEGATIONS

12. On or about June 2, 2010, Mr. Krupinski was hired by LEROF for the position of "Volunteer Organizer".

13. As a Volunteer Organizer, Mr. Krupinski was paid an hourly wage; however, upon information and belief, Mr. Krupinski was not paid for the full amount of overtime hours worked as a Volunteer Organizer.

14. In or about February 2012, Mr. Krupinski was promoted to a full-time position as an Organizer.

15. The position of Organizer was a salaried position and, as such, Mr. Krupinski was not paid for his overtime work.

16. Mr. Krupinski's primary duties included physically traveling to sites where the union would be performing demonstrations, setting up the demonstration by preparing props and informing participants, actually being involved in the demonstration and other field work, which required him to work hours in addition to his regular hours whenever union-related activities were needed.

17. LEROF knowingly denied overtime to Mr. Krupinski and knowingly misclassified Mr. Krupinski as an exempt employee.

18. Mr. Krupinski worked approximately fifty (50) to seventy (70) hours per week on behalf of LEROF between June 2010 and April 2014.

19. LEROF knowingly and willfully denied Mr. Krupinski payment of overtime wages.

20. Upon information and belief, between June 2010 and April 2014, Mr. Krupinski worked, but was not compensated for, at least 700 hours of overtime.

21. Additionally, upon information and belief, Mr. Krupinski has never received from Defendant a document in compliance with the notice requirements of the WTPA specifically identified in Labor Law § 195(1).

22. Mr. Krupinski has suffered lost overtime wages as a result of Defendant's failure to compensate him at one and one-half times his hourly rate for all hours worked over forty (40) in a workweek while employed as a Volunteer Organizer and Organizer.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT
#### (Unpaid Overtime Wages in Violation of the FLSA)

23. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 22, as if fully set forth herein.

24. Defendant was the employer of Plaintiff within the meaning of the FLSA.

25. Plaintiff was a non-exempt employee under the FLSA and thus entitled to compensation at a rate not less than one and one-half times the regular rate at which he was employed for any hours worked in excess of forty (40) in a given workweek.

26. During the course of his employment, Plaintiff worked in excess of forty (40) hours per week at Defendant' direction and on its behalf on a weekly basis, as described herein, but was denied overtime wages.

27. Defendant was aware or should have been aware that Plaintiff was working overtime hours, but willfully withheld payment of overtime wages.

28. Defendant was aware or should have been aware that its misclassification of Plaintiff and denial of overtime wages to him were unlawful and Defendant has not made a good faith effort to comply with the FLSA with respect to the

compensation of Plaintiff. As such, Defendant' noncompliance with the FLSA was willful.

29. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT
(Unpaid Overtime Wages in Violation of the Labor Law)

30. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 29, as if fully set forth herein.

31. Defendant was the employer of Plaintiff within the meaning of the Labor Law.

32. Plaintiff was a non-exempt employee under the Labor Law and thus entitled to compensation at a rate not less than one and one-half times the regular rate at which he was employed for any hours worked in excess of forty (40) in a given workweek.

33. During the course of his employment, Plaintiff worked in excess of forty (40) hours per week at Defendants' direction and on its behalf on a weekly basis, as described herein, but he was denied overtime wages.

34. Defendant was aware or should have been aware that Plaintiff was working overtime hours, but willfully withheld payment of overtime wages.

35. Defendant was aware or should have been aware that its misclassification of Plaintiff and denial of overtime wages to him were unlawful and Defendant has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff. As such, Defendant' noncompliance with the Labor was willful.

36. As a proximate result of Defendant' unlawful conduct, Plaintiff has suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
(Violations of Labor Law § 195(1))

37. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 36, as if fully set forth herein.

38. Defendant has failed to furnish to Plaintiff the information required by Labor Law § 195(1) at the time of his hiring or any time thereafter.

39. Defendant was aware of should have been aware of its statutory obligation to provide such information to Plaintiff.

40. Due to Defendant's violations of the WTPA (Labor Law § 195(1)), Plaintiff is entitled to recover statutory damages from Defendant in the amount of $50.00 per workweek that the violation occurred, capped at $2,500.00, plus attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendant has violated the provisions of the FLSA and Labor Law relating to overtime wages and/or the WTPA;

b) An order enjoining Defendant from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiff's economic losses from being denied overtime wages;

d) An order awarding liquidated damages to Plaintiff under the FLSA and the Labor Law for unpaid overtime wages;

e) An award of statutory damages for violations of the WTPA;

f) An award of prejudgment interest on the unpaid minimum wages and overtime wages owed to Plaintiff pursuant to the Labor Law;

g) An award of Plaintiff's reasonable attorneys' fees;

h) An award of the Plaintiff's costs of this action; and

i) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: February 10, 2015
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark (JC7795)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY 10118
Tel. (212) 967-3000
Fax (212) 967-3010
jclark@levineblit.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KRUPINSKI, | No. |
| Plaintiff, | |
| -against- | |
| LABORERS EASTERN REGION ORGANIZING FUND, | |
| Defendant. | |

## SUMMONS AND COMPLAINT

LEVINE & BLIT, PLLC
*Attorneys for Plaintiff*
350 Fifth Avenue, 36th Floor
New York, New York 10118
Phone: (212) 967-3000
Fax: (212) 967-3010

To: LABORERS EASTERN REGION ORGANIZATION FUND
104 Interchange Plaza, Suite 304
Monroe Township, NJ 08831
(609) 860-8565